# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 4, 2010

No. 09-40941
Summary Calendar

Lyle W. Cayce
Clerk

WILLIAM CHARLES STEELE,

Plaintiff-Appellant

v.

BILLY ROWLES, Individually and in his official capacity as Sheriff of Jasper County; UNKNOWN JAILERS, Individually and in their official capacity as Jasper County Jail Guards; JASPER COUNTY,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CV-485

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

William Charles Steele (W. Steele), Texas prisoner # 1089890, appeals the district court's summary judgment in favor of Billy Rowles, the Sheriff of Jasper County, in this 42 U.S.C. § 1983 action. W. Steele alleged that Rowles violated the constitutional rights of his son, Dennis Grady Steele (Steele), who committed suicide while he was a pretrial detainee in Jasper County Jail.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Challenging the denial of his motion for discovery, W. Steele contends that discovery was necessary to develop the evidence so that he could file an affidavit opposing the defendants' summary judgment motion. He argues that neither the local rules nor the Federal Rules of Civil Procedure limit or bar discovery after mandatory disclosures are made.

The district court did not abuse its discretion in denying his motion for discovery. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004). The defendants provided all the evidence in their possession in their disclosure response as required by the district court, including numerous documents; incident reports; the witnesses' names, addresses, and phone numbers; and the affidavits attached to their summary judgment motion. W. Steele waited almost one year after the defendants provided the disclosure before filing his motion for discovery. He has not identified any specific additional evidence concerning particular circumstances, topics, or witnesses that he needed to obtain through additional discovery. *See Beattie v. Madison County School District*, 254 F.3d 595, 606 (5th Cir. 2001). He has not shown why he needed additional discovery or how that discovery would have created a genuine issue of material fact. *See id.* Therefore, he has not shown that the district court abused its discretion in denying his discovery motion. *See id.*

Challenging the summary judgment in favor of Rowles, W. Steele contends the undisputed evidence established that his son had a serious medical need due to his suicidal behavior; Rowles was aware of that need; and Rowles failed to provide or delayed psychiatric treatment, resulting in Steele's suicide. He also argues that the district court erred in holding that Rowles's conduct had to rise to the level of egregious intentional conduct to satisfy the deliberate indifference standard.

The district court did not err in holding that Rowles was not personally involved in the alleged constitutional violation and, therefore, he could not be held liable based on a vicarious liability theory. *See Oliver v. Scott*, 276 F.3d

736, 742 (5th Cir. 2002). Rowles transported Steele to the jail until Steele could be admitted to Rusk State Hospital for psychiatric treatment. Rowles instructed the jailers and the supervisor on call at that time to place Steele in protective custody under a suicide watch and to make sure the night shift employees received the same instructions. Rowles averred that he did not know that Steele's boots and boot laces were not taken away when he was placed in the jail cell. Rowles left the jail at 5:00 p.m. and was not present when Steele committed suicide. Therefore, the record supports the district court's determinations that Rowles was not personally involved in the alleged constitutional violation and could not be held liable based on a vicarious liability theory. *See id.*

The district court did not err in holding that Rowles was not liable for failing to train or supervise the employees. *See Roberts v. City of Shreveport*, 397 F.3d 287, 292-93 (5th Cir. 2005). The record established that Rowles specifically advised the jail employees to place Steele in protective custody under a suicide watch. Further, Jasper County Jail had a written suicide prevention plan in effect on the date of Steele's suicide which provided that an inmate who shows signs of suicidal behavior should not be placed in a single cell unless constant supervision could be maintained; should be stripped of all clothes and shoes and furnished with a jail uniform and jail shoes; and should be observed every 10 to 15 minutes or more often if necessary. "In this inquiry, mere proof that the injury could have been prevented if the officer had received better or additional training cannot, without more, support liability." *Id.* at 293. W. Steele has not identified or explained with specificity how Rowles's training program at Jasper County Jail was defective. *See Roberts*, 397 F.3d at 293. Therefore, the district court did not err in holding that Rowles was not liable for failing to train or supervise the employees. *See id.*

The correct deliberate indifference standard was applied by the district court. The district court correctly relied on *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006), in which this court held that to show deliberate indifference, the

prisoner must show that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* The record supports the district court's determination that Rowles's conduct did not rise to the level of deliberate indifference. *See id.*; *see also Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Therefore, W. Steele has not shown that the district court erred in granting Rowles's summary judgment motion. *See Roberts*, 397 F.3d at 292-93; *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009).

AFFIRMED.